Good morning, your honors. I'm Thomas Mayer for the appellant. May it please the court. The brief we filed argued two issues, the first being one-child policy, which we will now fully concede. The second issue is the appellant's suffering due to his resistance to the seizure of his home and due to his representation before the government of about 100 similarly situated neighbors, also removed from their homes. Let me just, if I may, get to the question that concerns me about your position. We must review only for substantial evidence and we give a lot of deference to the finder of fact. There were a number of people similarly situated to your client, all of whom protested the And yet your client was also the only one who refused to move out. So why couldn't the agency permissibly find that it was his refusal to move out that caused the problem and not his political view? Well, your honor, your statement that he was the only one that did not move out is not correct. It's not factually correct. There were other families that did remain, but they didn't stay till the very end. He was the only one who had to be forcibly removed. That's correct. He was forcibly removed. All the others had vacated the premises, hadn't they? That's correct. Some as late as the day before. And it was after both the power and the water had been shut off to the building. All right, go ahead. Okay, thank you. More specifically, the question here is whether the IJ was correct in finding that this land seizure by the state, accompanied by an inadequate payment without any negotiation, may be forced upon a person and that any resistance or attempts to negotiate with the government are justly punishable. Counsel Judge Gould, if I could interject a question. Yes, your honor. Could you just give me in a nutshell your primary argument as to why you think the record compels the conclusion that his beating was on account of whistleblowing or protesting rather than Judge Graber may have hinted on behalf, on account of his overstaying his welcome in the apartments after everyone was out? Your honor, it's on both bases. But yes, that's approximately, well half the argument is his interview, grossly excessive. And so why does the record compel the conclusion that the beatings were on account of the stay? The reason is, your honor, that there was no negotiation. He was told either take this diminished amount of money for the apartment or nothing at all. But you must leave. That sounds like a mean landlord. It doesn't sound like political opinion. And what the BIA and the IJ held, that the refusal to leave was the cause of the beating as evidenced by his unique refusal and also by the fact that he remained for many months afterwards without any problem. Why is that not a permissible view of the evidence? Because he remained in China many months after. Right. But looking at the record as a whole, the agency said it looks like the reason for this was his intransigence and not his politics. And they looked at the fact that he wasn't further harmed as being indicative of the fact that he wasn't being hurt except for the fact that he wouldn't leave the building. Your honor, this was a land grab. So why does that matter? It matters because this was not a... Tell me about it. The developers in this case and the city government were in collusion. They were out to force everybody out of that building with a much lower payment than market value for the property they lived in. They were given no choice. This was designed to line the pockets of the developers and the city officials. When he complained, that's when the powers came down on him. No, when he refused to leave the building is when the problem happened. Taking land under the color of law by a government is the same as taking it from the barrel of an end of a gun. This is... Does that constitute persecution under our case law? If the thing about which he's complaining is they forced me out and it was for terrible reasons. They forced me out of my home. That's not persecution, is it? It's economic persecution. What case from this court would support the view that that is sufficient to demonstrate persecution under the statute? I don't have a site at my fingertips. However, I know that the law says that when there is a danger to the life or safety of an alien in their own country and that danger includes to their property and livelihood, that constitutes economic persecution. Let me ask it a different way. In the BIA appeal, it's noted as follows. On this record, where the respondent was not arrested until he refused to leave his building after having been given notice and paid compensation, the immigration judge's finding that his alleged persecutors were not motivated to harm him on account of a protected ground is not clearly erroneous. We have to figure out if there's a basis to change that outcome. I'm concerned based on the standard we apply in light of what's being appealed. Your Honor, as far as the nexus goes to political opinion in this case, we have state action. We have a denial of property. We have excessive punishment for nonviolent civil disobedience. And we have a continuing trouble with the government because every time there was any trouble in his village, the police would come to him as one of the usual suspects and he would be harassed and questioned. Would you like to save this time for rebuttal? I would. Certainly. Thank you, Mr. Baird. Thank you, Your Honors. We'll hear from Ms. Wong. Good morning. May it please the Court, my name is Sue Wong and I represent the Attorney General. Your Honors, the substantial evidence supports the agency's decision to deny asylum in this case. Since Petitioner has waived the first ground, which is based on the one-child policy, the second basis, he claims, is because of his whistleblowing. The government submits that there's no nexus between what occurred to him to protect the ground. We want to note that the Petitioner was paid. He was paid for his alleged ownership of the housing, albeit not the amount that he wanted. So the fact that the police came in and told him to vacate and he refused, they had every right to do that. Petitioner is trying to stretch this by saying that the government is in collusion with the company. He provided no proof of such thing. It's merely his speculation. Again, he didn't provide any proof of what the value of the property is and so the basis of his refusal to vacate because he was being paid, he was being lowball, as we would say. He has no proof of any complaint that he filed with the government claiming that he is dissatisfied with the amount he's being paid and he provided no proof of anything whatsoever. And again, once he agreed to move out of the apartment, the police stopped beating him and he was released and nothing happened to him. So, Your Honor, we submit that this is not a case that involves persecution on account of any of the protected grounds and we ask the court to affirm the board's decision and deny the petition for review. If there are no further questions, the government submits on the brief. I have no questions. I have no questions either. I don't either. Thank you. You may do that and you may rebut. Your Honor, when a citizen is offered a very bad deal at the end of the gun for their land, that's not a deal and my client never agreed to move out. Yes, he took the money, only because if he didn't take it, he'd lose everything. With all due respect, a deal like this at the end of a gun is not a fair deal. It's not a mere taking. It's not a deal. It's theft. With all due respect to the court, ask any American Indian. So what evidence is there in the record of past persecution and future persecution as opposed to this being limited to more what we've been talking about, meaning he was a squatter on the premises because he protested and that's what precipitated the police action that led to his ouster? The indicia of future persecution would be that every time there's trouble in the town, they come to him and basically make inquiries and rough him up. That showed no sign of stopping the entire time he remained in China before he escaped. If he were to be returned to China, he would face that same situation, plus the fact that he might be termed illegally because he left on a visa and refused to return to China seeking asylum here. So he would be in trouble with the Chinese authorities as well on that point. Are there any further questions? No questions there. Thank you, counsel. I appreciate the arguments of both counsel. They've been very helpful and the case is submitted. We will take a brief recess and Mr. Brown will let us know when to return. Thank you.
judges: Graber, Gould, Daniel